**5**

**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: aavery@hsmlaw.com

Attorneys for
GEOFFREY RICHARDS,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re | Case No.:  13-22280-B-7 |
| LOUIS RICHARD ZALAR AND DORATHY MARIE ZALAR, | DC No.:  HSM-004 |
| Debtors. | Date: May 14, 2013<br>Time: 9:32 a.m.<br>Place: 501 I Street<br>Sacramento, CA<br>Ctrm. 32, 6th Flr. |
| | Judge:  Thomas C. Holman |

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF ESTATE ASSETS (2003 VOLKSWAGEN PASSAT AND 1999 CHEVROLET)

GEOFFREY RICHARDS, the duly appointed Chapter 7 Trustee in the pending bankruptcy case of LOUIS RICHARD ZALAR and DORATHY MARIE ZALAR (the "Debtors"), Case No. 13-22280-B-7, by and through his counsel, Hefner, Stark & Marois, LLP ("Counsel"), files this Motion (the "Motion") for Order Authorizing Sale of Estate Assets (2003 Volkswagen Passat and 1999 Chevrolet) (the "Assets"), as follows:

1.      This case was filed as a voluntary Chapter 7 case on February 21, 2013.  The Trustee was appointed Chapter 7 Trustee on February 22, 2013, and has at all relevant times served in that capacity.

2.      Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157 and 1334; 11 U.S.C. section 363; Federal Rule of Bankruptcy Procedure 6004; and the

HEFNER, STARK & MAROIS, LLP
Sacramento, California

1  reference to this court by the District Court for the Eastern District of California.

2        3.      The Assets sought to be sold through this Motion consist of two vehicles
3  described below:

4                a.      One (1) 2003 Volkswagen Passat (VIN: WVWZK63B13E230350) ("VW");
5  and,

6                b.      One (1) 1999 Chevrolet Silverado 1500 (VIN: 1GCEK14T2XZ158212)
7  ("Chevrolet").

8        4.      The Trustee and the Debtors agree that the Assets are property of this estate
9  subject to administration by the Trustee.

10       5.      In response to the Trustee's request for further information regarding the Assets,
11 the Debtors informed the Trustee that the VW has approximately 108,768 miles. Based on
12 the Debtors' opinion, this vehicle is in poor condition and, as set forth in the Debtors'
13 schedules, has a current fair market value of $5,542.00. The Debtors have represented that
14 the vehicle is in poor condition due to mechanical and cosmetic problems, as well as deferred
15 maintenance. In their Schedule C filed in this case on February 21, 2013, the Debtors claimed
16 an exemption in the VW in the amount of $2,725.00.

17       6.      The Trustee has independently investigated the value of the VW through online
18 research and communications with the Debtors concerning the condition of the vehicle. Based
19 on the Trustee's research and his experience as a Chapter 7 Trustee, the Trustee has
20 concluded that the Debtors' valuation is appropriate.

21       7.      In response to the Trustee's request for further information regarding the Assets,
22 the Debtors informed the Trustee that the Chevrolet has approximately 132,230 miles. Based
23 on the Debtors' opinion, this vehicle is in poor condition and, as set forth in the Debtors'
24 schedules, has a current fair market value of $4,965.00. The Debtors have represented that
25 the vehicle is in poor condition due to mechanical and cosmetic problems, as well as deferred
26 maintenance.

27       8.      The Trustee has independently investigated the value of the Chevrolet through
28 online research and communications with the Debtors concerning the condition of the vehicle.

HEFNER, STARK & MAROIS, LLP
Sacramento, California

2

1  Based on the Trustee's research and his experience as a Chapter 7 Trustee, the Trustee has
2  concluded that the Debtors' valuation is appropriate.

3      9.   **The Debtors have offered to purchase the estate's interest in the VW for**
4  **$1,708.60 and the Chevrolet for $3,972.00, for a total purchase price of $5,680.60 (the**
5  **"Purchase Price").**  The Trustee has accepted that offer, subject to court approval of this
6  Motion and possible overbidding at the hearing on the Motion.   The Trustee has concluded
7  that the estate is not likely to generate substantially more value from a sale of the Assets to
8  a third party at auction, particularly after factoring in costs of sale.

9      10.   The sale of the Assets will be on an "as is," "where is," basis, with no
10 representations or warranties, express or implied.  The Assets have been and remain in the
11 Debtors' possession.  The Debtors are in the best position to know the status of the Assets
12 and to have formulated their purchase offer for same.

13     11.   The Assets will be sold subject to any and all claims, liens or encumbrances,
14 disclosed or undisclosed, that may affect or encumber the Assets.  The Debtors shall be
15 responsible for any and all sales, transfer, use or other taxes, and all license, registration, or
16 other fees due or incurred in connection with the sale of the Assets.

17     12.   The proposed sale of the Assets is also subject to overbidding as may be made
18 at the hearing on the Motion by qualified overbidders. The Trustee proposes that overbidding
19 be conducted pursuant to the following suggested procedures:

20        a.   Any persons or entities wishing to bid on the Assets shall be required to
21 first become a qualified overbidder ("Qualified Overbidder");

22        b.   Any person or entity wishing to become a Qualified Overbidder must, no
23 later than two (2) business days prior to the hearing on this Motion, contact the Trustee's
24 Counsel at the address listed in the caption above, and demonstrate the ability to pay the
25 purchase price for the Assets within five (5) calendar days after entry of the Court's order
26 approving this Motion;

27        c.   The Trustee proposes that Qualified Overbidders be permitted to bid on
28 the VW and Chevrolet individually;

HEFNER, STARK & MAROIS, LLP
Sacramento, California

3

d.    The Trustee proposes that the initial overbid by a Qualified Overbidder for the VW be $4,933.60 ($1,708.60 purchase price, plus $2,725.00 exemption, plus $500.00 initial overbid increment), and that the initial overbid by a Qualified Overbidder for the Chevrolet be $4,472.00 ($3,972.00 purchase price, plus $500.00 initial overbid increment), with successive overbids in increments of $500.00;

e.    If the Debtors are the high bidders, they shall pay the greater of their high bid or the agreed-upon purchase price for the Assets;

f.    If a third party outbids the Debtors, and the Trustee receives full payment for the Assets within five (5) calendar days after entry of the Court's order approving this Motion, or at such other time as the Court may provide, the agreement described herein between the Debtors and the Trustee shall be of no further effect. The third party high bidder must purchase the Assets on identical terms to those set forth in this Motion, subject to any modifications ordered by the Court; and,

g.    If full payment from the high bidder is not received within five (5) calendar days after entry of the Court's order approving this Motion, and the Debtors elect to be approved as a back up bidder, the Debtors shall be obligated to pay their highest bid for the Assets.

13.    In light of (i) the used condition of the Assets; (ii) the Debtors' willingness to accept the Assets "as is"; and (iii) the Debtors' willingness to purchase the estate's interests in the Assets subject to any and all liens and encumbrances, disclosed and undisclosed, the Trustee has concluded that the purchase price and the other terms of the sale are fair and reasonable and in the best interests of the estate and its creditors.

14.    The Trustee submits that the sale of the Assets on the terms outlined in this Motion is in the best interests of the estate and its creditors. Selling the non-exempt equity in the Assets back to the Debtors at a fair market price is desirable on a number of levels, including the savings to the estate by avoiding auction expenses. Although the Debtors are paying somewhat less than Kelley Blue Book value for the Assets, the Trustee submits that the Purchase Price is reasonable. The public auction aspect of this Motion is designed to test

4

1    the market and elicit higher offers from interested parties.

2        15.    Finally, so that the proposed sale may be consummated as quickly as possible,

3    and because the Debtors are currently in possession of the Assets, the Trustee requests that

4    the 14-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure

5    be waived.

6        **WHEREFORE,** the Trustee respectfully requests the Court enter an order authorizing

7    the sale of the Assets: 1) pursuant to the terms of the Motion, or as otherwise ordered by the

8    Court; 2) on an "as is," "where is," basis, with no representations or warranties, express or

9    implied; 3) subject to any and all claims, liens or encumbrances, disclosed or undisclosed, that

10   may affect or encumber the Assets; 4) with the Debtors responsible for any and all sales,

11   transfer, use or other taxes, and all license, registration, or other fees due or incurred in

12   connection with the sale of the Assets; 5) with a waiver of the 14-day stay provided for in Rule

13   6004(h) of the Federal Rules of Bankruptcy Procedure; 6) with the Trustee retaining as funds

14   of the estate all net sale proceeds for subsequent distribution in accordance with the

15   Bankruptcy Code and orders of the court; and, 7) authorizing the Trustee to take such further

16   actions and execute such documents as are necessary to consummate the proposed sale.

17   Dated: April 15, 2013                        HEFNER, STARK & MAROIS, LLP

18

19                                       By _____
                                            Aaron A. Avery, Attorneys for
20                                          GEOFFREY RICHARDS, Chapter 7 Trustee

21

22

23

24

25

26

27

28

HEFNER, STARK & MAROIS, LLP
Sacramento, California

K:\Richards, Geoffrey\Zalar, Louis & Dorathy (7687-0020)\Pldg (hsm-4) Sale Vehicles\pldg sale mtn.wpd